# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| TOMMIE LEE GRAHAM and | : | Case No. 18-16594 (MDC) |
| HATTIE GRAHAM, | : | |
| | : | |
| Debtors | : | |
| | : | |

## OBJECTION OF TRUMARK FINANCIAL CREDIT UNION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN DATED OCTOBER 5, 2018

TO:  THE HONORABLE MAGDELINE D. COLEMAN,
UNITED STATES BANKRUPTCY JUDGE

TruMark Financial Credit Union ("TruMark"), by and through its undersigned attorneys, hereby objects to confirmation of the Chapter 13 plan dated October 5, 2018 (the "Plan") proposed by debtors Tommie Lee Graham ("Mr. Graham") and Hattie Graham (together with Mr. Graham, the "Debtors"), and in support thereof represents as follows:

### BACKGROUND

1. On December 16, 2014, TruMark made certain loans, advances and extensions of credit to the Debtor in the amount of $33,980.11 (the "Auto Loan") pursuant to the terms of that certain Retail Installment Sale Contract Simple Finance Charge (the "Loan Agreement").

2. In consideration for the Auto Loan, the Debtor gave a security interest in favor of TruMark in the title to the collateral being purchased with the Auto Loan, a 2012 Acura TL (the "Vehicle").

3. On October 2, 2018 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

4. On October 5, 2018, the Debtor filed the Plan.

5. As of the Petition Date, TruMark held a claim secured by the Vehicle in an amount no less than $13,742.80 (the "Claim"). TruMark filed proof of its Claim in this bankruptcy case on November 16, 2018. See Claim No. 9.

6. The Plan, however, is completely silent as to the Claim in that the Plan fails to provide any information related to the Debtor's ongoing payment obligations to TruMark. See Plan, § 4(a).

7. For the foregoing reasons, TruMark objects to confirmation of the Plan pursuant to Section 1324(a) of the Bankruptcy Code.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

8. The Bankruptcy Code provides that a Chapter 13 plan shall be confirmed if it "complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).

9. The Plan is silent with respect to the Debtor's ongoing payment obligations to TruMark under the Auto Loan. See Plan, § 4(a).

10. To the extent the Debtor intends to retain the Vehicle, the Debtor must continue to meet his ongoing regular monthly payment obligations to TruMark.

11. Because the Debtor's intentions with respect to his obligations to TruMark on the Auto Loan going forward are not clear, confirmation must be denied. See 11 U.S.C. § 1325(a)(1).

12. TruMark expressly reserves the right to raise further objections to confirmation of the Plan, whether at the hearing on confirmation of the Plan, or if an amended plan is proposed by the Debtor.

## **CONCLUSION**

13. For the foregoing reasons, confirmation of the Plan should be denied.

WHEREFORE, TruMark Financial Credit Union respectfully requests the entry of an order denying confirmation of the Plan for the foregoing reasons, together with such other and further relief as is just and proper.

                Respectfully submitted:

                KLEHR | HARRISON | HARVEY| BRANZBURG LLP

By:   */s/Corinne Samler Brennan*
      Corinne Samler Brennan, Esquire
      1835 Market Street, Suite 1400
      Philadelphia, PA 19103
      Telephone: (215) 569-3393

      *Counsel to TruMark Financial Credit Union*

Dated: November 16, 2018